IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES<br>AMERICAN DISABLE VETERANS,<br><br>Appellant,<br><br>vs.<br><br>U.S. TRUSTEE (Nancy J. Gargula), et al.,<br><br>Appellees. | Case No. 08-cv-0100-MJR |

ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

On December 18, 2007, Solomon Rooks filed a voluntary chapter 11 petition in the U.S. Bankruptcy Court for the Southern District of Illinois, listing the debtor as "United States American Disable [sic] Veterans" (referred to herein as Debtor or USADV). The Honorable Kenneth J. Meyers, U.S. Bankruptcy Judge, immediately issued two Orders.

First, Judge Meyers entered an "Order and Deficiency Notice" noting that certain required documents had not been filed with the chapter 11 petition. Judge Meyers set a January 2, 2008 deadline by which USADV must file the necessary statements, schedules and lists. That Order (dated December 19, 2007) clearly admonished that if Debtor failed "to **fully** comply by filing all missing documents on or before the stated due date, this case may be dismissed without further notice or hearing."

Second, on December 20, 2007, Judge Meyers issued an Order directing Rooks to either hire an attorney to represent USADV *or* provide documentation showing that he (Rooks) was a licensed attorney admitted to practice law in this District. Judge Meyers warned that failure to comply would result in dismissal of the case without further notice or hearing. Rooks/USADV

took no action in response to Judge Meyers' Orders.  On January 4, 2008, Judge Meyers dismissed the case for want of prosecution, based on USADV's failure to submit the required documents in compliance with the December 19th Order.

On January 9, 2008, at the conclusion of Judge Meyers' docket (concerning other cases/matters), Mr. Rooks appeared and was advised that his case had been dismissed five days earlier, due to his failure to submit the necessary documents to support of his voluntary petition.  It was again explained to Rooks that, as had been noted in the December 20th Order, he could not appear on behalf of a corporate entity such as Debtor USADV, since a corporation could only appear through an attorney.

On January 15, 2008, Rooks signed and filed a notice of appeal on behalf of Debtor/USADV, which he tendered with his $255 appellate filing fee.  The Bankruptcy Court Clerk's Office transmitted the notice of appeal to the Clerk of this Court on February 8, 2008, where the case was randomly assigned to the undersigned District Judge.  That same day (February 8th), the Clerk's Office notified USADV (c/o Rooks) that his appeal had been assigned Case No. 08-0100, that he should use that number of on all further pleadings herein, and that he should refer to Bankruptcy Rule 8009 for a briefing schedule.

Rule 8009(a) of the Federal Rules of Bankruptcy Procedure provides: "Unless the district court ... specifies different time limits ...The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007."  Typically, the undersigned District Judge specifies different deadlines by entering a briefing schedule in his bankruptcy appeals.  Before doing so here, however, a threshold issue must be resolved.

According to the record from the bankruptcy proceeding (*see, e.g.,* Doc. 16 in Bankr. Case No. 07-032574) Appellant USADV is a corporation.  Corporations may not appear in federal court without an attorney.  Over 20 years ago, the United States Court of Appeals for the Seventh Circuit explained:
> A "corporation" is an abstraction, and abstractions cannot appear pro se. The corporation is just a convenient name for a complex web of contracts among managers, workers, and suppliers of equity and debt capital.... We have held that corporations must appear by counsel or not at all.

*Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985).

        Before setting a briefing schedule for this appeal, the undersigned District Judge will require Appellant USADV to take action. To avoid **DISMISSAL of this appeal**, one of two things must happen **on or before** March 13, 2008 – (1) an attorney must enter an appearance on USADV's behalf in this case; or (2) Mr. Rooks must file documentation showing that *he* is an attorney licensed to practice law in this District Court (and that he will be formally representing USADV herein). If neither of those events occurs by March 13th, the undersigned District Judge **WILL DISMISS** this appeal.

        IT IS SO ORDERED.

        DATED this 17th day of February 2008.

                s/ Michael J. Reagan
                MICHAEL J. REAGAN
                United States District Judge